Kathryn L. Bain, State Bar No. 15496
BAIN MAZZA & DEBSKI LLP
10300 W. Charleston Blvd., Ste. 13-191
Las Vegas, NV 89135
Telephone: (702) 919-1090
Fax: (650) 763-3933
Email: kbain@bmdlegal.com

Monique Olivier (*Pro Hac Vice* to be Submitted)
Cassidy Clark (*Pro Hac Vice* to be Submitted)
OLIVIER & SCHREIBER LLP
475 14th Street, Suite 250
Oakland, CA 94612
Tel: (415) 484-0980
Fax: (415) 658-7758
Email: monique@os-legal.com
        cassidy@os-legal.com

Anna D'Agostino (*Pro Hac Vice* to be Submitted)
MILLER SHAH LLP
225 Broadway, Suite 1830
New York, NY 10007
Tel: (866) 540-5505
Fax: (866) 300-7367
Email: akdagostino@millershah.com

*Attorneys for Plaintiff and the Proposed Class*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL WARWAS, on behalf of himself and all others similarly situated, | CASE NO.: 2:23-cv-1367 |
| Plaintiff, | CLASS ACTION COMPLAINT |
| v. | (1)  Interference in Violation of the FMLA |
| SPIRIT AIRLINES, INC., | (2)  Retaliation in Violation of the FMLA |
| Defendant. | **DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff, Michael Warwas ("Plaintiff" or "Warwas") brings this action against Defendant, Spirit Airlines, Inc. ("Defendant" or "Spirit"), on behalf of himself and those similarly situated ("Class" as defined below), and alleges as follows:

## NATURE OF THE ACTION

1.      Spirit, a major commercial airline, maintains policies, practices and procedures that violate the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.* and effectively interfere with, restrain, and deny the exercise of or the attempt to exercise FMLA benefits by flight attendants ("FAs").  Moreover, when Plaintiff opposed Spirit's unlawful policies, practices, and procedures, it retaliated against and eventually terminated him.

2.      Accordingly, Plaintiff brings this class action seeking damages and declaratory relief on behalf of himself and all other similarly situated Spirit FAs. Plaintiff also brings individual claims to redress his own wrongful termination.

## PARTIES

3.      Plaintiff is an adult man, a U.S. citizen, and a resident of the State of Minnesota.

4.      Defendant is a Delaware corporation with its principal place of business in Miramar, Broward County, Florida.

5.      Defendant is a major commercial airline and purports to serve "more than 90 destinations across the U.S., Latin America and the Caribbean." *See* https://www.spirit.com/about-us.  At all relevant times, Defendant has maintained a base of operations in Las Vegas, Nevada.

6.      Defendant employs more than 50 people for each working day during each of 20 or more calendar workweeks during the applicable time period, is engaged in commerce or in an industry or activity affecting commerce, and thus, is an employer as defined under the FMLA.  29 C.F.R. § 825.104.

1

1

**JURISDICTION AND VENUE**

2
3
4

7.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff brings this class action based on federal questions under the FMLA, 29 U.S.C. § 2601, *et seq*.

5
6
7

8.      Venue is proper in this District under 28 U.S.C. § 1391 because Spirit resides, transacts business, or has offices in this District, and a substantial part of the acts and omissions alleged herein took place in this District.

8

**SUBSTANTIVE ALLEGATIONS**

9
10

**A.      Spirit's Leave Policies Violate the FMLA**

11
12

9.      At all relevant times herein, Spirit has implemented and enforced certain family and medical leave policies that violate the FMLA.

13
14

10.      The FMLA entitles eligible employees of covered employers like Spirit to take unpaid job-protected leave for specified family and medical reasons.

15
16
17

11.      Among other things, FAs must meet the FMLA's "hours of service requirement" to be entitled to FMLA leave.  Airline flight crew personnel are subject to special FMLA eligibility rules.  *See* 29 C.F.R. § 825.801.

18
19
20

12.      Specifically, under the FMLA as it pertains to flight crew personnel, a FA will meet the "hours of service requirement," if during the previous twelve (12) months, he or she has:

21
22

a.      Worked or been paid for not less than 60 percent of the employee's applicable monthly guarantee; and

23

b.      Worked or been paid for not less than 504 hours.  *Id.*

24
25
26
27
28

13.      The hours an employee has "worked" are the employee's "duty hours," which are all hours during which an employee is designated to work, and "encompass time spent performing a variety of support duties that begin before a plane takes flight and end after it lands."  *See* FMLA FAQ https://www.dol.gov/agencies/whd/fmla/faq.

CLASS ACTION COMPLAINT AND JURY DEMAND                    Case No.: 2:23-cv-1367

14.    In addition, "[i]n the event an employer of airline flight crew employees does not maintain an accurate record of hours worked or hours paid, the employer has the burden of showing that the employee has not worked or been paid for the requisite hours. Specifically, an employer must be able to clearly demonstrate that an airline flight crew employee has not worked or been paid for 60 percent of his or her applicable monthly guarantee or for 504 hours during the previous 12 months in order to claim that the airline flight crew employee is not eligible for FMLA leave." 29 C.F.R. § 825.801(d).

### i.    Spirit's FMLA Eligibility Policy Excludes Certain Hours Worked.

15.    Duty hours include all pre- and post-flight time during which FAs perform duties.

16.    Spirit requires Plaintiff and the Class members to report to the airport or designated location sixty (60) minutes prior to scheduled departure if the flight is departing from the FA's home base, or fifty (50) minutes prior to scheduled departure if the flight is departing outside of the FA's home base. During this time, Plaintiff and the Class members are required to attend pre-flight briefings and remain on board to greet and assist passengers during the entire boarding process. Spirit also requires Plaintiff and the Class members to stay on board for at least thirty (30) minutes after the aircraft is secured at the unloading point to assist passengers during the entire deplaning process.

17.    Spirit, however, does not include all duty hours when calculating the "hours of service requirement" for FMLA eligibility. Instead, Spirit uses "credit hours" to calculate the hours-of-service requirement. Credit hours omit most of the pre- and post-flight duty hours; credit hours are comprised of "block hours," i.e., the time beginning when an aircraft first moves for the purpose of a flight (that is, is moved off the ramp blocks) and ending when the aircraft is next secured back onto the ramp blocks at the destination point.

18.    Because Spirit uses only block hours, rather than duty hours, to calculate the hours-of-service requirement for FMLA eligibility, Spirit unlawfully fails to include the time FAs are working pre- and post- flight – which is at a minimum eighty (80) to ninety (90) minutes of time per flight.  In this way, Spirit excludes certain hours worked when calculating the hours-of-service requirement, in violation of the FMLA.

19.    As a result of this unlawful policy and practice, Spirit regularly interferes with, restrains, or denies the exercise of or the attempt to exercise the FMLA benefits by FAs.  Plaintiff and members of the Class have been denied FMLA leave based on these policies and practices that do not comply with the FMLA.

**ii.    Spirit's FMLA Eligibility Policy Requires a Higher Number of Hours than the FMLA Permits.**

20.    In addition, Spirit has a consistent policy and/or practice of requiring FAs to maintain a higher number of hours than required under the law to qualify for FMLA.  For example, Spirit tells its FAs that 520 credit hours, rather than 504 duty hours, are required for FMLA eligibility.

21.    Further, Spirit has a policy and/or practice of deducting more hours from FAs' available FMLA leave hours than the FAs request, resulting in deficient leave hours available to FAs.

22.    As a result of these unlawful policies and practices, Spirit regularly interferes with, restrains, or denies the exercise of or the attempt to exercise the FMLA benefits by FAs.  Plaintiff and members of the Class have been denied FMLA leave based on these policies and practices that do not comply with the FMLA.

CLASS ACTION COMPLAINT AND JURY DEMAND                    Case No.: 2:23-cv-1367

### iii. Spirit Fails to Count the Paid 36 Hours Per Month Toward FMLA Eligibility Requirement

23.    Starting in March 2020, Spirit issued several Memorandums of Understanding ("MOU(s)") in response to the novel coronavirus ("COVID-19").

24.    On March 27, 2020, "to implement a temporary and voluntary program to reduce [FA] headcount given the challenging market conditions caused by COVID-19," Spirit offered certain eligible FAs, "COVID-19 Voluntary Time Off ('CVTO') leaves."

25.    Pursuant to the CVTO, among other promises, Spirit agreed to pay each FA on CVTO leave for an entire bid month, "paid and credited thirty-six (36) hours (which [was] considered compensation) at the [FA's] applicable hourly rate, payable on the first pay period of the month." *See* COVID MOUs dated March 27, 2020 and August 12, 2020, https://spiritafa.org/loas.

26.    As discussed above, pursuant to the FMLA, an FA meets the hours-of-service requirement if the FA, *inter alia*, "has worked **or** been paid for not less than 504 hours." 29 C.F.R. § 825.801 (emphasis added); 29 U.S.C. § 2611.

27.    Despite having paid FAs 36 hours per month while on CVTO, Spirit refused to count those hours toward the FA's hours-of-service requirement for FMLA eligibility.

28.    As a result, Spirit routinely denied FMLA leave to FAs who have taken CVTO, on the basis that they do not have the necessary hours of service for FMLA eligibility.

29.    Spirit's enforcement of the CVTO policy interferes with, restrains, and/or denies the exercise of or the attempt to exercise the FMLA benefits Plaintiff and members of the Class.

5

**PLAINTIFF'S EXPERIENCE**

**A. Warwas's Employment with Spirit**

30.    Warwas was employed by Defendant as a FA on or around November 11, 2013 until he was terminated on or around September 4, 2021.

31.    A FA's base airport is known as the "domicile" or "home base." Plaintiff's "home base" was Las Vegas, Nevada throughout the entire period of his employment with Defendant.

32.    At all relevant times herein, Warwas was eligible for FMLA because he worked for a FMLA-covered employer and at all relevant times met the hours-of-service requirement.

**B. Spirit Improperly Denies FMLA Coverage to Warwas**

33.    On or about January 12, 2019, Plaintiff contacted Spirit's third-party FMLA administrator, Unum, and requested intermittent FMLA leave pursuant to his doctor's suggestion and medical needs.

34.    At all times herein mentioned, Unum was the agent or employee of Spirit and was acting within the course and scope of such agency or employment.

35.    Spirit approved and Plaintiff utilized intermittent and continuous FMLA leave at several points throughout 2019 and 2020, while continuing to work as a FA for Defendant.

36.    On June 21, 2019, Spirit issued Plaintiff a final disciplinary warning based on Plaintiff's attendance record.

37.    Plaintiff's attendance record included dates Spirit recorded as "Sick Calls." Several of those dates were not "Sick Calls," but were, in fact, protected leave under the FMLA.

**C. Plaintiff Files a Complaint with the DOL, Which Determines That Spirit Violated the FMLA**

38.    Because Spirit incorrectly recorded several of Plaintiff's absences as Sick Calls when they should have been covered by his FMLA leave, Plaintiff

6

1  contacted the Department of Labor ("DOL") in or about December 2019 and
2  requested that the DOL investigate potential FMLA violations by Spirit.

3      39.    On or about August 13, 2020, the DOL informed Plaintiff of its
4  findings, *inter alia*, that Spirit violated the FMLA when it failed to apply Plaintiff's
5  FMLA leave to certain past absences.

6      40.    On or about August 27, 2020, Spirit informed the DOL that it would
7  revise Plaintiff's FMLA balance, treating several of his past absences as FMLA
8  protected.

9      41.    In Spirit's August 27, 2020 communication to the DOL, Defendant
10  confirmed that Plaintiff had FMLA leave hours available at the time.

11  **D. Spirit Improperly Denies FMLA Leave of Warwas**

12      42.    On or about September 9, 2020, Unum sent Plaintiff a letter stating
13  that Plaintiff did not have any FMLA hours available, despite Spirit's statement to
14  the DOL on August 27, 2020, that Plaintiff had FMLA leave hours available.

15      43.    On or about September 26, 2020, Plaintiff submitted a new request
16  for FMLA leave to Spirit pursuant to his doctor's suggestion and medical needs.

17      44.    In or around September 2020, Sedgwick took over as Spirit's third-
18  party FMLA administrator for Unum.

19      45.    At all times herein mentioned, Sedgwick was the agent or employee
20  of Spirit and was acting within the course and scope of such agency or
21  employment.

22      46.    On or about October 20, 2020, Sedgwick sent Plaintiff a letter stating
23  that Plaintiff did not meet the FMLA's eligibility requirements because he did not
24  have the requisite number of hours worked to establish eligibility.  Spirit, through
25  Sedwick, denied Plaintiff's FMLA request.  As a result, his subsequent absences
26  were erroneously coded as Sick Calls instead of FMLA leave.

27      47.    However, as of October 20, 2020, Plaintiff had, in fact, the requisite
28  hours-of-service necessary for FMLA leave.

CLASS ACTION COMPLAINT AND JURY DEMAND          Case No.: 2:23-cv-1367

48.    Further, on more than one occasion, Spirit deducted more hours from Plaintiff's available FMLA leave than he had requested and/or was reasonably necessary in light of his medical needs.

49.    Additionally, Plaintiff bid for and was granted CVTO from April through August 2020.  During this time, Plaintiff was paid 36 hours per month while on CVTO leave.

50.    Although Warwas was paid 36 hours per month while he was on CVTO leave, those hours were not counted towards his "hours of service" requirement to be eligible for FMLA leave.

51.    On or about March 10, 2021, Plaintiff made a second complaint to the DOL and again requested that the DOL investigate potential FMLA violations by Spirit.

52.    On or about June 15, 2021, the DOL issued its findings, *inter alia*, that Spirit violated the FMLA when it failed to keep accurate records regarding Plaintiff.

**E.    Spirit Retaliates Against Plaintiff for Making Complaints about Spirit's FMLA Non-Compliance and Eventually Terminates Him.**

53.    On or about March 4, 2021, Spirit required Plaintiff to attend an "investigatory meeting" based on his absence from work on December 4, 2020. Plaintiff had requested to use FMLA leave on this date, but Spirit denied his request, citing insufficient hours of service.  Thus, Spirit counted this absence as a "Sick Call." Plaintiff's absence on December 4, 2020 was due to the same medical condition for which he had requested and been denied FMLA leave on or about September 9, 2020 and October 20, 2020.

54.    Plaintiff in fact had sufficient hours of service for FMLA eligibility.

55.    On June 22, 2021, Spirit required Plaintiff to attend an investigatory meeting based on his absences from work between March 13, 2021 and May 7, 2021. Plaintiff's absences during this period were due to the same medical

CLASS ACTION COMPLAINT AND JURY DEMAND                    Case No.: 2:23-cv-1367

condition for which he had requested and been denied FMLA leave on or about September 9, 2020 and October 20, 2020.  Plaintiff had requested to use FMLA leave on these dates, but Spirit denied his request, citing insufficient hours of service.

56.     Plaintiff in fact had sufficient hours of service for FMLA eligibility.

57.     On or about September 4, 2021, Spirit informed Warwas he was terminated because of his attendance record.

## **CLASS ACTION ALLEGATIONS**

58.     Plaintiff brings this lawsuit both on behalf of himself and on behalf of a nationwide class and subclass as defined below, pursuant to Federal Rules of Civil Procedure 23(a), as well as subsections (b)(3) and/or (c)(4):

> All current and former flight attendants who were employed by Spirit and based in the United States, at any time during the period from three years prior to the filing of the original complaint in this action through the date of final judgment.

59.     **Ascertainability and Numerosity:** the potential members of the Class as defined herein are so numerous that joinder would be impracticable. Plaintiff is informed and believes, and thereon allege, the Class are comprised of hundreds, if not thousands, of persons and is so numerous that joinder of all members is impracticable.  The exact size of the Class and the identity of the members of the Class are ascertainable from the business records maintained by Defendant.  The Class may be notified of the pendency of this action by mail, or other appropriate media, using the notice similar to that which is customarily used in wage and hour class actions.

60.     **Commonality:** There is a well-defined community of interest and common questions of law and fact that predominate over any question affecting only individual members of the Class.  These common legal and factual questions, which do not vary from members of the Class, and which may be determined

CLASS ACTION COMPLAINT AND JURY DEMAND                Case No.: 2:23-cv-1367

1  without reference to the individual circumstances of any members of the Class,

2  include, but are not limited, to the following:

        a.    Whether Spirit has a policy and/or practice of requiring FAs to

              accrue more than the hours required by the FMLA to be

              eligible for leave under the FMLA;

        b.    Whether Spirit has a policy and/or practice of excluding

              certain hours worked in violation of the FMLA's hours-of-

              service requirement;

        c.    Whether Spirit has a policy and/or practice of excluding

              certain hours paid in violation of the FMLA's hours-of-service

              requirement;

        d.    Whether, as a result of Spirit's misconduct as alleged herein,

              members of the Class and Subclass are entitled to damages,

              restitution, declaratory relief, and other remedies, and, if so,

              the amount and nature of such relief.

61.    **Typicality:** Plaintiff' claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendant's wrongful conduct in violation of federal law that are complained of herein.  The claims arise from the same course of conduct, and the relief sought is common.

62.    **Adequacy of Representation:** Plaintiff is a member of the Class and will fairly and adequately protect the interests of the members of the Class because: (1) his interests do not conflict with the interest of the individual members of the Class he seeks to represent; (2) he has retained counsel competent and experienced in employment class action litigation; and (3) he intends to prosecute this action vigorously.

63.    **Superiority:** A class action is superior to all other available methods for the fair and efficient adjudication of this controversy.  The expense and burden of individual litigation would make it impracticable or impossible for members of

CLASS ACTION COMPLAINT AND JURY DEMAND        Case No.: 2:23-cv-1367

the Class to prosecute their claims individually.  The litigation and trial of the class-wide claims are manageable.  Questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each member of the Class has suffered injury and is entitled to recover by reason of Defendant's unlawful conduct.  Common proof as to Defendant's conduct, including Defendant's own documents will be available to demonstrate the uniformity of Defendant's conduct.

**COUNT I**
**Interference in Violation of the FMLA**
**(On Behalf of Plaintiff and the Class)**

64.    Plaintiff repeats and realleges the allegations in paragraphs 1 through 63 above as though fully set forth herein.

65.    The FMLA provides that flight crew personnel are entitled to FMLA leave benefits and, specifically, job-protected leave, if they meet the hours-of-service requirement of having worked or been paid for not less than 60 percent of the employee's applicable guarantee and having worked or been paid for not less than 504 hours in the twelve-month period preceding the request for leave. 29 C.F.R. § 825.801.

66.    The FMLA further provides that "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under" the FMLA. 29 U.S.C.A. § 2615.

67.    At all relevant times herein, Plaintiff and the members of the FMLA Class were employed by Spirit, a FMLA-covered employer.

68.    At all relevant times herein, Plaintiff and the members of the FMLA Class were entitled to protections afforded under the FMLA and have a right to be free of policies that interfere with, restrain, or deny the exercise of or the attempt to exercise lawful use of FMLA benefits.

69.    As described above, Spirit has committed violations of the FMLA against Plaintiff and the Class members by, *inter alia*, failing to appropriately credit hours worked and hours paid when establishing FAs FMLA eligibility.

70.    In addition, Spirit has committed violations of the FMLA against Plaintiff and the Class members by routinely deducting more hours from FAs' available FMLA leave hours than the FAs request, resulting in deficient leave hours available to FAs.

71.    As a result, Spirit has a practice of interfering with, retraining, and/or denying the exercise of or the attempt of exercise of lawful use of FMLA benefits.

72.    As a direct and proximate cause of Spirit's FMLA violations, Plaintiff and the Class suffered and continue to suffer damages, and seek, *inter alia*: back pay, front pay, compensatory damages, special damages, general damages, attorney's fees and costs.

73.    Spirit's unlawful conduct in violation of the FMLA was intentional and/or was not carried out in good faith, and therefore, Plaintiff and the FMLA Class members are entitled to an award of liquidated damages.

**<u>COUNT II</u>**
**Retaliation in Violation of the FMLA**
**(On behalf of Warwas)**

74.    Warwas repeats and realleges the allegations in paragraphs 1 through 73 as though fully set forth herein.

75.    The FMLA provides that "[i]t shall be unlawful for any employer to . . . discriminate against any individual for opposing any practice made unlawful by this subchapter." 29 U.S.C.A. § 2615.

76.    The FMLA provides that "[i]t shall be unlawful for any employer to discharge . . . any individual for opposing any practice made unlawful by this subchapter." 29 U.S.C.A. § 2615.

CLASS ACTION COMPLAINT AND JURY DEMAND                    Case No.: 2:23-cv-1367

77.    At all relevant times herein, Warwas was employed by Spirit, an FMLA-covered employer.

78.    At all relevant times herein, Warwas was entitled to protections afforded under the FMLA.

79.    As described above, Spirit has committed violations of the FMLA against Warwas by, *inter alia*, retaliating against and eventually terminating Warwas for asserting his rights protected by the FMLA.

80.    As a direct and proximate cause of Spirit's FMLA violation, Warwas suffered and continue to suffer damages, and seek, *inter alia*: back pay, front pay, compensatory damages, special damages, general damages, attorney's fees and costs.

81.    Spirit's unlawful conduct in violation of the FMLA was intentional and/or was not carried out in good faith, and therefore, Warwas is entitled to an award of liquidated damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief on behalf of himself, the Class, and the Subclass against Defendant:

1.    Certification of this action as a class action and appointment of Plaintiff and Plaintiff's counsel to represent the Class;

2.    Provision of the class notice to members of the Class as defined above;

3.    A declaratory judgment that Defendant knowingly and intentionally violated the certain provisions of the FMLA;

4.    Compensatory damages according to proof;

5.    Statutory damages, liquidated damages, and penalties according to proof;

6.    Pre-judgment interest on all sums collected;

7.    Reasonable attorneys' fees and costs pursuant to applicable law;

CLASS ACTION COMPLAINT AND JURY DEMAND                    Case No.: 2:23-cv-1367

1    8.    Costs of suit herein; and

2    9.    For such other relief as the Court may deem just and proper.

3                          **JURY DEMAND**

4    Plaintiff demands a trial by jury on all issues so triable.

5    Dated: September 1, 2023        /s/ *Kathryn L. Bain*

6
                                     Kathryn L. Bain, State Bar No. 15496
7                                    BAIN MAZZA & DEBSKI LLP
                                     10300 W. Charleston Blvd., Ste. 13-191
8                                    Las Vegas, NV 89135
                                     Tel: (702) 919-1090
9                                    Fax: (650) 763-3933
10                                   Email: kbain@bmdlegal.com

11                                   Monique Olivier (*Pro Hac Vice* to be Submitted)
                                     Cassidy Clark (*Pro Hac Vice* to be Submitted)
12                                   OLIVIER & SCHREIBER LLP
13                                   475 14th Street, Suite 250
                                     Oakland, CA 94612
14                                   Tel: (415) 484-0980
15                                   Fax: (415) 658-7758
                                     Email: monique@os-legal.com
16                                           cassidy@os-legal.com

17                                   Anna D'Agostino (*Pro Hac Vice* to be Submitted)
18                                   MILLER SHAH LLP
                                     225 Broadway, Suite 1830
19                                   New York, NY 10007
                                     Tel: (866) 540-5505
20                                   Fax: (866) 300-7367
21                                   Email: akdagostino@millershah.com

22                                   *Attorneys for Plaintiff and the Proposed*
23                                   *Class*

24

25

26

27

28

CLASS ACTION COMPLAINT AND JURY DEMAND                Case No.: 2:23-cv-1367